## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

RAYMOND STANLEY HILLIARD,    )
    )
        Petitioner,    )
    )
v.    )    **CIVIL ACTION NOS.  5:13-014980**
    )    **5:12-01077**
JOEL ZEIGLER, Warden,    )
    )
        Respondent.    )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Applications for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Civil Action No. 5:12-01077, Document No. 1 and Civil Action No. 5:13-014980, Document No. 1.) By Standing Order, these matters were referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Civil Action No. 5:12-01077, Document No. 2 and Civil Action No. 5:13-014980, Document No. 3.) By Order entered this day, the undersigned has consolidated Civil Action Nos. 5:12-01077 and 5:13-014980. Having examined Petitioner's Section 2241 Applications, the undersigned finds, and hereby respectfully recommends, that Petitioner's Applications be dismissed.

### FACT AND PROCEDURE

Petitioner was arrested by State authorities in Sullivan County, Tennessee, on January 14, 2009, for various drug charges . (Civil Action No. 5:14-014980, Document No. 6-1, pp. 6 and 8.)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

On June 15, 2009, the Sullivan County Criminal Court sentenced Petitioner to a total sentence of 7 years, with 152 days prior custody credit.[2] (Id., pp. 8 - 11.) On February 3, 2010, Petitioner was borrowed pursuant to a Federal Writ of *Habeas Corpus Ad Prosequendum* from the State of Tennessee. (Document No. pp. 13 - 14.) On September 16, 2010, the United States District Court for the Western District of Virginia imposed a 66-month term of imprisonment for Conspiracy to Distribute 500 Grams or More of Cocaine. (Id., pp. 16 - 21.) The Federal Court ordered the above Federal sentence to run concurrent with Petitioner's State sentence. (Id., p. 17.) Following sentencing, Petitioner was returned to State custody. (Id., p. 13.) Petitioner was released to parole on his State sentence on September 27, 2011, and was taken into Federal custody by the United States Marshals Service on a Federal detainer. (Id., pp. 13 and 23. ) Currently, Petitioner is scheduled to be released from Federal custody, via good time credit, on April 1, 2015. (Id., pp. 25 - 29.)

**Civil Action 5:12-1077:**

On April 11, 2012, Petitioner filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Civil Action No. 5:12-1077, Document No. 1.). In his Petition, Petitioner alleges that the Federal Bureau of Prisons [BOP] is improperly calculating his term of imprisonment. (Id., p. 1.) Petitioner alleges that on "January 1, 2007, [he] was arrested and charged with possession of cocaine with intent to distribute." (Id.) Petitioner states that "on or around March 16, 2009, a federal detainer was placed on me." (Id.) Petitioner contends that he was sentenced to 84-months in state court on June 14, 2009. (Id.) Petitioner notes that "[o]n February 4, 2010, [he] was transferred to a federal holding facility while I went through pre-trial."

---

[2]  The Sullivan County Criminal Court determined Petitioner was entitled prior custody credit for the time period of January 14, 2009, the date of his arrest, through June 15, 2009, the day his State sentence commenced.

(Id.) Petitioner states that "[o]n September 16, 2010, I was sentenced to 66 months by the Federal District Court Sentencing Judge who 'Ordered' both the State and Federal sentences to run concurrent." (Id.) Petitioner, therefore, concludes that the BOP is improperly calculating his sentence. (Id.) As Exhibits, Petitioner attaches the following: (1) A copy of his "Sentence Monitoring Computation Data As of 11-01-2011" (Id., p. 3.); and (2) A copy of his Administrative Remedies (Id., pp. 4 - 7.)

By Order entered on August 27, 2013, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 8.)

On September 16, 2013, Respondent filed his "Motion to Dismiss, or in the Alternative, Motion to Consolidate." (Document No. 12.) Specifically, Respondent "move[d] to dismiss the Petition for Writ of Habeas Corpus, or alternatively, to consolidate this action with Hillard v. Zeigler, Civil Action No. 5:13-14980, which is currently pending in this judicial district." (Id., p. 1.) Respondent noted that "[a] response was filed in that action setting out the manner in which the BOP has calculated Petitioner's sentence, including the fact that a nunc pro tunc designation was made, commencing Petitioner's federal sentence at the earliest possible time, the date it was imposed." (Id., p. 2.) Respondent, therefore, argued that "[a]s this case is duplicative, this action should be dismissed, or in the alternative, consolidated with Hillard v. Zeigler, Civil Action No. 5:13-14980, pursuant to the authority of Rule 42(a)(2) of the Federal Rules of Civil Procedure." (Id.)

On September 17, 2013, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's "Motion

to Dismiss, or in the Alternative, Motion to Consolidate." (Document No. 13.) Respondent failed to file a Response to Respondent's above Motion. By Order entered this day, the undersigned has granted Respondent's Motion to Consolidate.

**Civil Action No. 5:13-14980:**

On June 20, 2013, Petitioner filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Civil Action No. 5:13-14980, Document No. 1.). In his Petition, Petitioner alleges that the BOP is improperly calculating his term of imprisonment. (Document No. 1.) Specifically, Petitioner states that he was "arrested and charged with possession of cocaine with intent to distribute." (Id., p. 8.) Petitioner claims that "[o]n or about March 16, 2009, a federal detainer was placed on me." (Id.) Petitioner alleges that he was sentenced to 84-months in the state court" on June 14, 2009. (Id.) Petitioner claims that on September 16, 2010, he was "sentenced to 66 months by the Federal District Court and by 'Order' of the court, 'the Federal sentence must run concurrent with the State Sentence.'" (Id.) Petitioner notes that "[i]t is transparent by my computation data sheet that the BOP has acknowledged the fact that my Federal sentence runs concurrent and also acknowledges the fact through prima facia evidence that jail credit begins on March 16, 2009." (Id.) Petitioner complains, however, that "the computation data sheet is incorrect by only giving me jail credit up to June 6, 2009." (Id.) Petitioner, therefore, requests that he be given credit "starting from March 16, 2009, through October 25, 2011." (Id.) As Exhibits, Petitioner attaches a copy of his Administrative Remedies. (Id., pp. 12 - 19.)

By Order entered on July 9, 2013, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.)

4

On July 18, 2013, Respondent filed his Response to the Order to Show Cause. (Document No. 16.) Respondent argues that Petitioner's Petition should be dismissed based on the following: (1)"Petitioner's Federal Sentence commenced on September 16, 2010" (Id., pp. 3 - 4.); and (2) "Petitioner is not entitled to prior custody credit" (Id., pp. 4 - 6.).

As Exhibits, Respondent files the following: (1) The Declaration of Dennis Melick (Document No. 6-1, pp. 2 - 4.); (2) A copy of a "Memorandum" from the Sullivan County Tennessee Sheriff's Office dated July 12, 2013 (Id., p. 6.); (2) A copy of "Tennessee Sentences Sentence Dates Injury" dated July 12, 2013 (Id., pp. 8 - 11.); (3) A copy of USMS Form 129 (Id., pp. 13 - 14.); (4) A copy of the "Judgment in a Criminal Case" as filed in the Western District of Virginia on September 17, 2010, in Criminal Action No. 1:10-00002 (Id., pp. 16 - 21.); (5) A copy of Petitioner's "Parole Certificate" issued by the State of Tennessee Board of Probation and Parole dated September 27, 2011 (Id., p. 23.); (6) A copy of the BOP's Designation & Sentence Computation Center Summary (Id., p. 25.); (7) A copy of Petitioner's "Public Information Inmate Data as of 7-12-2013" (Id., pp. 27 - 29.); and (8) A copy of Petitioner's "Willis/Kayfez Calculation Worksheet" (Id., pp. 31 - 32.).

Petitioner did not file a Reply to Respondent's Response.

## ANALYSIS

**1.    Petitioner's Federal sentence did not commence until September 16, 2010.**

Title 18 U.S.C. § 3585(a) governs the date a federal sentence commences. Section 3585(a) provides as follows: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." A federal sentence,

however, cannot commence prior to the date it is pronounced even if made concurrent with a sentence already being served. <u>Miramontes v. Driver</u>, 243 Fed.Appx. 855 (5th Cir. 2007)(finding that "defendant was not entitled to credit against subsequently imposed sentence for time served which had previously been credited against first-imposed sentence, despite second sentencing court's order that sentences at issue be served concurrently"); <u>Coloma v. Holder</u>, 445 F.3d 1282 (11th Cir. 2006)(finding that petitioner's sentence on second conviction that was ordered to run concurrently with his sentence on related first conviction, was not retroactive to the beginning of the first sentence); <u>United States v. LaBeilla-Soto</u>, 163 F.3d 93, 98 (2nd Cir. 1998)(finding that "the district court had no authority to grant defendant sentencing credit for time he spent in federal custody before sentencing"); <u>United States v. Flores</u>, 616 F.2d 840, 841 (5th Cir. 1980)(stating that a federal sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served"); <u>Shelvy v. Whitfield</u>, 718 F.2d 441, 444 (D.C.Cir. 1983)(stating that "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served"). Thus, Petitioner's Federal sentence could not commence prior to the date of its imposition on September 16, 2010. Although the District Court ordered that Petitioner's Federal sentence was to run concurrently with his State sentence, Petitioner's sentences may not run fully concurrently. Upon special circumstances, the Attorney General or the BOP may enter a nunc pro tunc designation allowing a Federal sentence to begin to run while an inmate is in State custody. <u>See</u> 18 U.S.C. § 3621(b); <u>United States v. Evans</u>, 159 F.3d 908, 911-12 (4th Cir. 1998)(finding that a federal sentence may commence while an inmate is in state custody "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal

sentence"). Based upon a review of the record, the Court finds that the BOP appropriately made a nunc pro tunc designation by deeming Petitioner's Federal sentence to have commenced on September 16, 2010 (date of its imposition).

**2.      Petitioner is not entitled to additional prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

**(1)** as a result of the offense for which the sentence was imposed; or

**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for her detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence"). Notwithstanding the limitation imposed under Section 3585(b), the Fifth and Seventh Circuits indicated that a  petitioner was entitled to time spent in pre-sentence State custody that was attributable to the federal offense even if the petitioner was given credit on his State sentence for that period of time. See Kayfez v. Gasele, 993 F.2d 1288, 1290 (7th Cir. 1993)(even though defendant received state credit for his presentence custody, the court found defendant was entitled to credit against his federal sentence for all his presentence incarceration because defendant's sentences were concurrent and crediting only the state sentence would not reduce defendant's actual imprisonment);

Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971)(reasoning that even though the State gave petitioner credit for his presentence custody, petitioner did not receive a benefit because his State sentence expired before his federal sentence). Pursuant to Kayfez, the BOP grants prior custody credit, even if it results in a double-credit toward a State sentence, when three conditions are met: (1) a prisoner's State and Federal sentence are run concurrently; (2) the raw effective full term date of the State term is later than the raw effective full term date of the Federal term; and (3) the State raw full term date, after application of qualified State presentence time, is reduced to a date that is earlier than the Federal raw effective full term date. See Program Statement 5880.28. If the above conditions are met, credit is awarded towards the Federal sentence in the amount that will adjust the Federal raw full term release date to equal the State sentence's effective full term date. The BOP, however, is not required to award Federal pre-sentence credit for time served after the commencement of the State sentence. Kayfez v. Casele, 993 F.2d 1288, 1290 (7th Cir. 1993); also see DeJesus v. Zenk, 2010 WL 1141395 (3rd Cir. Mar. 25, 2010)(slip copy)(stating "that the reasoning in the 'Willis/Kayfez line of cases' does not permit federal credit for time served 'after the state sentence was imposed but before the federal sentence was pronounced'"), citing Rios v. Wiley, 201 F.3d 257, 273 n. 13 (3rd Cir. 2000); Grigsby v. Bledsoe, 223 Fed.Appx. 486, 489 (7th Cir. 2007)(finding that defendant's reliance upon Kayfez was misplaced because "the time for which he seeks credit is not 'Willis time' because it was not time spent in non-federal presentence custody"); United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence

commences unless it has been credited against another sentence").

In the instant case, the BOP granted Petitioner 91 days of <u>Kayfez</u> credit. BOP Management

Analyst Dennis Melick explained the calculation of 91 days of <u>Kayfez</u> credit as follows:

13.     To arrive at the 91 days, Petitioner's state sentence's raw full term release date was calculated by taking the date the state sentence was imposed, in this case June 15, 2009, and adding the length of the state sentence, which was 7 years. This results in a state raw full term release date of June 14, 2016.

14.     Petitioner's state sentence's effective full term release date was then calculated by subtracting the amount of prior custody credit the state granted Petitioner from the raw full term release date.

15.     In the case at hand, the BOP calculated Petitioner was entitled to 151 days of prior custody credit by the state, representing the time period beginning with this state arrest on January 15, 2009, and ending on June 14, 2009, the day before his state sentence was imposed and thus began to run.

*  *  *

17.     Subtracting 151 days of prior custody credit from his state sentence's raw full term release date gives Petitioner an effective state full term date of January 15, 2016.

18.     Petitioner's federal raw full term release date was calculated by taking the date the sentence was imposed, in this case September 16, 2010, and adding 66 months, the length of Petitioner's federal sentence. This results in a federal raw full term date of March 15, 2016.

19.     Because Petitioner's federal raw full term date exceeded the state's effective full term date by 91 days, Petitioner was granted 91 days of <u>Kayfez</u> credit against his federal sentence.

(Document No. 6-1, pp. 3 - 4.)

Based on the foregoing, the Court finds that Petitioner is not entitled to additional pre-

sentence credit against his Federal sentence. The BOP correctly determined that Petitioner satisfied

the three conditions for <u>Kazyfez</u> credit: (1) Petitioner's State and Federal sentence were run

concurrently; (2) the raw effective full term date of his State term (June 14, 2016) is later than the

9

raw effective full term date of the Federal term (March 15, 2016); and (3) the State raw full term date, after application of qualified State presentence time, (January 15, 2016) results in a date that is earlier than the Federal raw effective full term date (March 15, 2016). Thus, Petitioner was entitled to receive 60 days (the difference between January 15, 2016 and March 15, 2016) of prior custody credit. The undersigned notes that the BOP appears to have incorrectly determined that Petitioner was entitled to 91 days of <u>Kayfez</u> credit. Specifically, Respondent incorrectly states that "Petitioner's federal raw full term date (03/15/16) exceeded the state's effective full term date (06/14/16) by 91 days." (Document No. 6, p. 6.) The undersigned notes that the correct state effective full term date is January 15, 2016, not June 14, 2016, and the correct federal raw full term date is March 15, 2016, so that the federal raw full term date exceeded the state effective full term date by 60 days.

In his Petition, Petitioner argues that he is entitled to credit for March 16, 2009 through October 25, 2011[3]. The record reveals that Petitioner received pre-sentence credit against his Federal Sentence from March 16, 2009[4], through June 14, 2009 (the day prior to the imposition of the State sentence), and Petitioner received *nunc pro tunc* designation beginning on September 16, 2010 (the day his Federal sentence was imposed). To the extent Petitioner is arguing he is entitled to Federal

---

[3]  Petitioner's "Public Information Inmate Data As of 07-12-2013" reveals that he was committed to BOP custody on October 26, 2011. Thus, Petitioner appears to incorrectly argue that he not begin receiving Federal credit until his commitment to the BOP on October 26, 2011. (Document No. 6-1, p. 28.) The BOP clearly began computation of Petitioner's Federal sentence on September 16, 2010. (*Id.*, p. 29.) Additionally, Petitioner received jail credit from March 16, 2009, through June 14, 2009. (*Id.*)

[4]  Applying the correct calculation of *Kayfez* credit (60 days), Petitioner should have only received pre-sentence credit against his federal Sentence from April 15, 2009, through June 14, 2009.

10

credit beginning June 15, 2009 (the date his State sentence was imposed) through September 15, 2010 (the day prior to the imposition of his Federal sentence), Petitioner's claim is without merit. As stated above, the BOP is not required to award Federal pre-sentence credit for time served after the commencement of the State sentence. Based on the foregoing, the undersigned finds that Petitioner is not entitled to additional prior custody credit towards his Federal sentence.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Civil Action No. 5:12-01077, Document No. 1 and Civil Action No. 5:13-014980, Document No. 1.), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

ENTER: August 13, 2014.

R. Clarke VanDervort
United States Magistrate Judge